UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ROBERT SPEARS, | ) | |
| Plaintiff, | ) | 3:04-CV-00087-LRH-RAM |
| v. | ) | ORDER |
| PAUL ADAMSON, | ) | |
| Defendant. | ) | |

Presently before the court is Defendant Paul Adamson's Motion in Limine (#182[1]). Plaintiff Robert Spears has filed an opposition (#188). Plaintiff has also filed a motion in limine (#183), and Defendant has filed an opposition (#189). Following a pretrial conference on March 23, 2009, Plaintiff filed a "Request to Supplement Opposition to Motions in Limine Based on New Information" (#207). Defendant has filed an opposition (#208) to which Plaintiff replied (#209).

During the pretrial conference on March 23, 2009, many of the issues and objections raised in the parties' motions and briefs were resolved. Accordingly, below the court will address only those evidentiary issues that the parties continue to contest. Those issues are as follows: (1) the admissibility of statements made in the second amended complaint and (2) the admissibility of references to the issues and parties contained and in the second amended complaint and of the

---

[1] Refers to the court's docket number.

court's previous legal findings concerning those additional parties and issues.

**I.     The Second Amended Complaint**

Plaintiff contends statements within the second amended complaint are irrelevant to the jury's consideration of the case as it is now before the court, are hearsay, and would cause undue confusion and prejudice.  Defendant counters that he intends to use statements within the complaint to impeach Plaintiff and that the statements are not hearsay because they are admissions by a party opponent.

"A party . . . who verifies a pleading, should be presumed to have known its contents, and it should be received in evidence, subject to such explanation as the party may see fit to offer." *Evans v. Daniel*, 289 F. 335, 339 (9th Cir. 1923) (citation omitted).  Thus, where "portions of the . . . complaint [are] not offered as evidence of any fact, other than the fact that the plaintiff made the statements contained in them, and such statements, so far as they [are] contradictory of or inconsistent with his statements as a witness, [are] as much admissible, for the purpose of impeaching him, as if they were contained in a letter written by him to a third person, or in an affidavit . . . ." *Id.* 338.

Here, Plaintiff did not himself verify the complaint.  Nonetheless, in dicta, the Ninth Circuit has stated, "In our judgment it should be presumed, where a pleading is filed by the attorney of the party, that such attorney was acting within his authority, and that the pleading should be regarded as the admission of the party, subject to his right to show that as a matter of fact the pleading was not authorized by him." *State Farm Mut. Auto. Ins. Co. v. Porter*, 186 F.2d 834, 840 n.9 (9th Cir. 1950) (citations omitted).  The court further stated, "Where the pleading is verified by an attorney, it must be shown that his information as to the facts must have come to him only from his client . . . ." Id. at 840-41 n.10 (citations omitted).

Plaintiff contends, because the case originally involved three plaintiffs, it is impossible to tell from the complaint which facts are attributable to Plaintiff in particular.  The court agrees that,

without some showing that the statements at issue in the complaint are attributable to Plaintiff, it would be inappropriate to admit the statements against Plaintiff as party admissions or for the purpose of impeachment. Thus, absent evidence that Plaintiff has seen and approved the statements at issue or that Plaintiff provided the facts in the complaint upon which Defendant intends to rely, the court cannot find that the statements are admissible. If Defendant establishes at trial that Plaintiff has seen and in some way approved the allegations at issue in the complaint or provided to his attorney the applicable facts asserted in the complaint, then those statements attributable to Plaintiff can be used either to impeach Plaintiff or as party admissions.[2]

Finally, the court notes, if Defendant continues to seek the admission of this evidence, in light of the suggestive and potentially highly prejudicial nature of the inquiry needed to determine whether the allegations in the complaint are attributable to Plaintiff, the court will likely conduct such questioning outside the presence of the jury. *See Watkins v. Sowder*, 449 U.S. 341, 349 (1981) ("A judicial determination outside the presence of the jury of the admissibility of . . . evidence may often be advisable."). If Defendant establishes that the relevant statements or facts are attributable to Plaintiff, then, in the presence of the jury, Defendant can impeach Plaintiff with the appropriate statements or submit the statements as evidence of a party admission.

## II.   The Previously Dismissed Parties and Claims

Defendant asks that the court "advise the jury of the gist of the parties and the claims made; and that the Court has found that the conduct of the officers was lawful as a matter of law, except

---

[2] The court recognizes Plaintiff's concern with the attorney-client privilege and with the possibility of requiring Plaintiff's counsel to take the stand and testify to which portions of the complaint derived from Plaintiff. With regard to the attorney-client privilege, the privilege is waived by the voluntary disclosure of otherwise privileged information. *See Weil v. Investment/Indicators, Research & Mgmt.*, 647 F.2d 18, 24 (9th Cir. 1981) ("Voluntary disclosure of . . . a privileged attorney communication constitutes waiver of the privilege as to all other communications on the same subject."). To the extent the complaint discloses information obtained through the attorney-client relationship, disclosure of such information in the complaint constitutes a waiver of the privilege.

With respect to the prospect of counsel taking the stand, the court will not permit such testimony pursuant to Federal Rule of Evidence 403. Defendant must limit his inquiry to questioning Plaintiff regarding whether Plaintiff provided the information at issue in the complaint to his attorney.

that questions of fact remain for the jury which will be presented to the jury at the end of the trial." Plaintiff counters that such evidence is irrelevant and unfairly prejudicial. Under Federal Rule of Civil Procedure 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

This case has a substantial procedural history, and the parties agree that the issues remaining for trial are quite narrow. In particular, the Ninth Circuit has remanded the case for the trier of fact to determine only whether Defendant searched Plaintiff's pockets "more extensively than warranted for a legitimate pat down frisk for weapons . . . without consent, and if so, the amount of damages [Plaintiff] may have suffered." *Davis v. Adamson*, 290 Fed. Appx. 35, 37 (9th Cir. 2008).

Thus, the following factual issues remain for the jury's consideration: (1) whether Plaintiff consented to Defendant's removal of Plaintiff's wallet from Plaintiff's pocket; (2) whether Defendant reached into additional pockets beyond the pocket containing Plaintiff's wallet; (3) if Defendant did reach into additional pockets, whether Plaintiff consented to this search; (4) if Plaintiff consented to the search of his pockets and the removal of his wallet, whether such consent was voluntary; and (5) if applicable, the type and amount of damages Plaintiff may recover.[3]

The existence of additional plaintiffs and claims previously asserted in this case and the court's resolution of those claims has no bearing on the above-cited issues remaining before the court. As the probative value of this evidence is low and the risk of unfair prejudice from admission of the evidence is high, exclusion of the evidence is likewise appropriate under Federal Rule of Civil Procedure 403. Accordingly, the court will not admit evidence relating to the additional plaintiffs, the claims previously asserted, or the court's determination of those claims.

---

[3] Additional questions remain regarding whether Defendant is entitled to qualified immunity and how the court should approach the determination of a qualified immunity challenge.

### III.     Cautionary Instruction

In light of the court's ruling and the narrow issues now before the court, the court believes it is appropriate to give the jury a cautionary instruction regarding what issues the jury may and may not consider. The court intends to give such an instruction at the beginning of the trial and potentially also at the close of the trial. The court is considering giving the following instruction, but is willing to consider suggestions from the parties:

CAUTIONARY INSTRUCTION

The court cautions you of the following: The only issue before the jury in this case is the claim of the Plaintiff, Robert Spears, that the Defendant, Officer Paul Adamson, performed a more intrusive search than is permitted under the law by putting his hands inside Plaintiff Spears' pockets without consent after Spears was removed from the barber shop. To determine whether Defendant Adamson performed such an unlawful search, the jury must consider and decide the following questions: (1) whether Plaintiff consented to Defendant's removal of Plaintiff's wallet from Plaintiff's pocket; (2) whether Defendant reached into additional pockets beyond the pocket containing Plaintiff's wallet; (3) if Defendant did reach into additional pockets, whether Plaintiff consented to this search; and (4) if Plaintiff did consent to the search of his pockets and the removal of his wallet, whether such consent was voluntary. If the jury finds that an unlawful search occurred, it will then determine the amount of damages Plaintiff suffered as a result of the unlawful search.

The court cautions you that these particular issues are the only issues for the jury to consider. It is not the function of the jury to pass judgment upon any other evidence or issues relating to the conduct of police officers or other individuals involved in this case, including suspected drug activity that may have been committed by other persons, the flight of those persons from the law enforcement officers, the chase of suspects by law enforcement officers, the wielding of any weapons by law enforcement officers in the course of the pursuit of the suspects, or the

means of detention and handcuffing of any suspects or customers in the barber shop. The jury will not hear all the evidence pertaining to these issues and is not to speculate what the evidence might have been. Moreover, the jury is not to let its opinion of the conduct of officers or other individuals not before the court affect its objective review of the specific questions before it.

The court recognizes the inherent difficulty in asking the jury to limit its consideration of the evidence to only a few isolated issues in the context of a broader and more complex factual scenario. Nonetheless, the court is confident that this jury will be able to follow the court's instructions and so limit its review. Again, the court reiterates that the only questions before the jury in this case concern Plaintiff's claims that Defendant Adamson committed an unlawful search of Plaintiff's pockets, and if the jury finds that an unlawful search did occur, the amount of damages that will fairly compensate Plaintiff for any mental, physical, or emotional pain and suffering he experienced as a result of the unlawful search.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine (#182) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine (#183) is hereby DENIED in part and GRANTED in part.

IT IS SO ORDERED.

DATED this 6th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE