UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT SPEARS,

    Plaintiff,

v.

PAUL ADAMSON,

    Defendant.

3:04-CV-00087-LRH-RAM

ORDER

Presently before the court is Defendant Paul Adamson's Motion to Bifurcate Punitive Damages (#210[1]). Plaintiff Robert Spears has filed an opposition (#211).

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). Pursuant to Rule 42(b), the District Court has broad discretion to bifurcate the liability and damages phases of an action. *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). Nonetheless, "Since the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.

---

[1] Refers to the court's docket number.

1  2004) (citation omitted).

2  The court has reviewed the relevant law and the submissions of the parties and finds that
3  bifurcation is appropriate in this case.  The presentation of evidence relating to Plaintiff's financial
4  status is likely to unnecessarily confuse and mislead the jury, and considerations of convenience
5  and economy do not weigh heavily against bifurcating the trial.  At the outset of the trial, the court
6  will advise the jury of the likelihood, following the jury's deliberation and decision, of a brief
7  presentation of evidence regarding punitive damages should the jury conclude that punitive
8  damages are warranted.  As Plaintiff assures the court that his presentation of evidence in support
9  of a punitive damages award will be brief, a short hearing regarding the appropriate amount of
10 punitive damages will inconvenience neither the jury, the court, nor the parties.  Accordingly, the
11 court will bifurcate the liability and the punitive damages phases of Plaintiff's case.

12 IT IS THEREFORE ORDERED that Defendant's Motion to Bifurcate Punitive Damages
13 (#210) is hereby GRANTED.

14 IT IS SO ORDERED.

15 DATED this 6th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2